# EXHIBIT 1

## Criminal Complaint

Defendant Special Agent Elisa Germano's
Motion To Dismiss Plaintiff's Claims Against Her

*Craig Jungwirth v. United States of America, et al.*, No. 1:18-cv-21726-MGC

1/11) Criminal Complaint                                                                      AUSA: MARC ANTON

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| Craig Allen Jungwirth | ) | Case No. 16-6390-SNOW |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

, the complainant in this case, state that the following is true to the best of my knowledge and belief.

out the date(s) of ___August 30, 2016___ in the county of ___Broward___ in the

:hern____ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| U.S.C. 875(c) | Threatening Communications. The defendant did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another. |

This criminal complaint is based on these facts:

ached affidavit

☑ Continued on the attached sheet.

*Elisa Germano*
Complainant's signature

Elisa Frances Germano, U.S. Secret Service (JTTF)
Printed name and title

to before me and signed in my presence.

*Lurana S. Snow*
Judge's signature

09/03/2016

d state:  Ft. Lauderdale, Florida         Lurana S. Snow, U.S. Magistrate Judge
                                          Printed name and title

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Elisa Frances Germano, being duly sworn, depose and state the following:

1. I am a Special Agent with the United States Secret Service and have been so employed since February 2010. I am currently assigned to the Miami Division of the Secret Service, specifically to the Miami Joint Terrorism Task Force with the Federal Bureau of Investigation (FBI).

2. The information contained in this Complaint is based on my personal knowledge and on information obtained from other sources, including: a) statements made or reported by various witnesses with knowledge of relevant facts, including other law enforcement personnel; b) my review of publicly available information relating to the defendants; and c) my review of records and other documents and evidence obtained through Court orders, subpoenas and other sources. Because this Complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause and have not set forth all of my knowledge about this matter.

3. This affidavit is submitted in support of a criminal complaint charging that on August 30, 2016, Craig Allen Jungwirth (JUNGWIRTH) did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

## Background of Investigation

4. On August 30, 2016, the Federal Bureau of Investigation (FBI), Miami Division was notified by local law enforcement, other FBI field offices, and members of the public via the public tip line, that alarming threats towards the gay community located within Wilton Manors,

1

FL had been posted on Facebook.

5. Specifically, on or about August 30, 2016, an individual bearing the screen name "Craig Jungwirth" posted the following, "My events are selling out cause you faggots are total patsies. None of you deserve to live. If you losers thought the Pulse nightclub shooting was bad, wait till you see what I'm planning for Labor Day." Jungwirth then posted, "You can never catch a genius from MIT and since you faggots aren't dying from AIDS anymore, I have a better solution to exterminate you losers." Jungwirth finally posted, "I'm gonna be killing you fags faster than cops kill niggers. It's time to clean up Wilton Manors from all you AIDS infested losers."

6. On June 12, 2016, Omar Mateen, a 29-year-old individual, killed 49 people and wounded 53 others in an attack inside the Pulse nightclub, a gay nightclub in Orlando, Florida. Ultimately, he was shot and killed by Orlando Police Department (OPD) officers after a three-hour standoff. It was the deadliest mass shooting by a single shooter and the deadliest incident of violence against lesbian, gay, bisexual, and transgender (LGBT) people in United States history, and the deadliest attack in the United States since the September 11, 2001 terrorist attacks.

7. On August 30th, 2016, Craig JUNGWIRTH was identified by the Wilton Manors Police Department as a known individual and past city resident who had previously been the subject of numerous complaints involving the harassment and stalking of Wilton Manors residents. Based upon the above referenced posts and the fear created within the Wilton Manors LGBT community, both the Wilton Manors and Ft. Lauderdale police departments immediately increased their patrols of the community and were placed on heightened alert.

8. Using open source and investigative databases, on August 31th, 2016,

Investigators identified 8333 Citrus Chase Drive, Orlando, FL 32836, as the address belonging to JUNGWIRTH's mother, Maryann T. Jungwirth.

9. On August 31, 2016, JUNGWIRTH was located walking outside 8333 Citrus Chase Drive, Orlando, FL 32836 by a Special Agent with the FBI and a Detective with the Orlando Police Department. JUNGWIRTH was asked if he knew why investigators were present, and JUNGWIRTH answered that he did not. As investigators moved to show JUNGWIRTH a copy of the threats made on Facebook, JUNGWIRTH refused to read the Facebook statements and stated that he denied posting those threats, before investigators even had an opportunity to show him the purported threats. JUNGWIRTH then refused to speak further with Agents and requested that they contact his lawyer.

10. On August 31, 2016, investigators identified a 1998 Ford Utility vehicle, bearing Florida license plate 362RLP, parked across the street from 8333 Citrus Chase Drive, Orlando, FL 32836. According to the State of Florida Driver and Vehicle Information Database, (DAVID), this vehicle was registered to Craig JUNGWIRTH on December 8, 2015.

11. Thereafter, on September 1, 2016, a subpoena was issued to Facebook for subscriber information for the Facebook account of "Craig Jungwirth," bearing account number 743595083, the source of the threatening communications. Facebook responded and provided documentation that the Facebook page was registered on February 18, 2007, under the name Craig JUNGWIRTH. Moreover, the email addresses "craigjungwirth@facebook.com" and "craig_jungwirth@alum.mit.edu" were listed as registered email accounts associated with the JUNGWIRTH Facebook page. Facebook also disclosed that on August 30, 2016, during the times the threats were posted, that the user logged onto Facebook utilizing an electronic device associated with internet protocol (IP) addresses of 97.101.149.33 and 97.101.171.6.

3

Investigation further revealed that these IP addresses were owned by Bright House Networks, LLC. Moreover, investigators confirmed that JUNGWIRTH had in fact attended MIT as claimed in both the threatening posts and as indicated in the Facebook registered email section of the subscriber information wherein the email address craig_jungwirth@alum.mit.edu was listed.

12. On September 1, 2016, TFO Elisa Germano and another FBI agent reviewed multiple incident/investigation reports provided by the Wilton Manors Police Department regarding Craig JUNGWIRTH. Multiple complaints for stalking and harassing behavior were documented, as well as incidents of sabotage, vandalism, and trespassing.

13. On September 1, 2016, TFO Elisa Germano and another FBI agent also interviewed the Owner and a General Manager of a Wilton Manors nightclub. Both individuals stated that they have had interaction with Craig JUNGWIRTH and that he has previously acted in an aggressive manner. They stated that JUNGWIRTH advertises himself as an event and party promoter in Wilton Manors and has a history of attempting to get what JUNGWIRTH perceives as "competing events" shut down. They stated that they have increased security over the past few months as a direct result of JUNGWIRTH, and that everyone on their respective staff's have been made aware of JUNGWIRTH. Moreover, they stated that JUNGWIRTH's Facebook profile picture was being used without permission and was actually the photo of a friend of theirs who works as a DJ in the Miami area.

14. On September 1, 2016, TFO Elisa Germano and another FBI agent also interviewed an individual who had previously filed a complaint with the Wilton Manors Police Department against Craig JUNGWIRTH for harassment. They stated that the harassing calls began following a personal, non-work-related dispute between JUNGWIRTH and a former employee of theirs. They stated that they had received hundreds of calls from JUNGWIRTH

4

threatening to shut down their business due to the personal dispute between JUNGWIRTH and their employee. They stated that JUNGWIRTH had posted multiple negative reviews on their business website using multiple identities in an attempt to ruin their business and its reputation. They also stated that all of his fake profiles utilized the same language and threats and that they feared for their personal safety based on his aggressive and threatening demeanor as they worked alone in the business on multiple occasions.

15. On September 1, 2016, TFO Elisa Germano and another FBI agent also interviewed one of the individuals who had notified the Wilton Manors Police Department of the threatening Facebook post. The complainant confirmed the information they had provided in the original complaint, and stated that they have filed and attempted to file multiple reports with the Wilton Manors Police Department, including one that ultimately resulted in the issuance of a restraining order against JUNGWIRTH on July 12, 2016. The Complainant stated that in the past several months, they had received thousands of threatening text messages, Facebook messages, and phone calls from JUNGWIRTH, many times with JUNGWIRTH stating "I'm going to get you." The complainant stated that JUNGWIRTH has multiple Facebook profiles and has used multiple phone numbers in the past. In addition, the complainant stated that JUNGWIRTH had utilized several other harassing techniques including creating false online profiles in the complainants name and likeness, threatening the complainants family and business relations, and falsely providing the complainants information to the police as a danger to themselves or others. The complainant stated that due to JUNGWIRTH, they feared for their physical safety.

16. On September 2, 2016, a subpoena was issued to Bright House Networks, LLC., for subscriber information associated with IP addresses 97.101.149.33 and 97.101.171.6

provided by Facebook as the IP addresses from which the threatening communications originated. Bright House Networks responded, and provided documentation that the account was registered on February 8, 2003 to Mary Jungwirth, and that on relevant dates and times between August 29, 2016 22:07:31 UTC and August 30, 2016 18:33:17 UTC, IP addresses 97.101.149.33 and 97.101.171.6 were assigned to the service address of 8333 Citrus Chase Drive, Orlando, FL 32836. As previously mentioned, this location is owned by Maryann Jungwirth, and is currently the home address of Craig Allen JUNGWIRTH.

17. Facebook has confirmed that they do not have any computer data centers located in the State of Florida, and that all communications that originated in this case traveled through one if not more out of state data centers prior to reaching their ultimate destination in Wilton Manors, Florida. Therefore, the communications necessarily traveled in interstate commerce.

### Conclusion

18. Based upon the foregoing, your Affiant submits that there is probable cause to believe that on or about August 30, 2016, Craig Allen JUNGWIRTH did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

*FURTHER YOUR AFFIANT SAYETH NAUGHT*

Elisa Germano
Federal Bureau of Investigation

Subscribed and sworn to before me, this
3rd day of September, 2016.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

6